# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | MORRISTOWN, NJ | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |

MY DIRECT DIAL IS: (631) 247-4661
MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

October 20, 2014

**VIA ECF**

Hon. Denis R. Hurley
United States District Court Judge
United States District Court - Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Court Plaza, Rm. 934
Central Islip, NY 11722-4449

       Re: *Walker v. Interfaith Nutrition Network*
         Case No: 14-CV-5419

Dear Judge Hurley:

    This firm is counsel to Defendants The Interfaith Nutrition Network ("INN") and Christian Aguilera in the above-referenced matter alleging claims under the Fair Labor Standards Act (FLSA) and New York Labor Law ("NYLL", together the "Wage Laws"). We write pursuant to Your Honor's Individual Rule of Practice 3 to request a pre-motion conference to address Defendants' anticipated motion to dismiss Plaintiffs' FLSA claims (and thus this action) pursuant to F.R.C.P. 12. FLSA coverage does not attach to Plaintiffs' claims against the INN because it is a not-for-profit organization which administers soup kitchens and other charitable programs, and it is thus not engaged in commerce. *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93 (2d Cir. 2009). The FLSA claims should be rejected, the Court should decline supplemental jurisdiction and this case should be dismissed.

I.  **FLSA Coverage Of Non-Profits Generally**

    The familiar FLSA time-and-one-half overtime requirement is limited to "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).[1] Accordingly, for a worker to be subject to the FLSA's

---

[1] Plaintiffs' purported minimum wage claims under the FLSA also are subject to dismissal under the longstanding *Klinghoffer* rule, because Plaintiffs were paid substantially more than minimum wage, and they do not plead to the contrary. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week").



Hon. Denis R. Hurley
United States District Court - Eastern District of New York
October 20, 2014
Page 2

overtime requirement, either: 1) the employer must be "an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"); or, 2) the worker must have been "engaged in commerce or in the production of goods for commerce" ("individual coverage").

Enterprise coverage is defined in 29 U.S.C. § 203(r) as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." Whether a not-for-profit entity such as The Interfaith Nutrition Network is an "enterprise" as defined by § 203(r) is dependent on whether its activities are performed for a "common business purpose." *Jacobs*, 577 F.3d at 99; *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 87 (E.D.N.Y. 2010).

Individual coverage attaches where an employee is "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) between states." 29 C.F.R. § 779.103.

As discussed below, neither type of coverage is or could be pled here.

II.    **Under This Doctrine, The Interfaith Nutrition Network is Not Subject to the FLSA**

Plaintiffs' Complaint baldly admits that INN "is a 501(c)(3) corporation that operates soup kitchens, emergency shelters, and housing programs." Compl. ¶ 17. Seemingly unwitting of the implications of this allegation, elsewhere the Complaint conclusorily alleges that the INN is engaged in commerce and its employees are individually engaged in commerce. *Id.* ¶ 11. This boilerplate attempt to plead FLSA coverage disregards the Second Circuit's direction in *Jacobs*. In *Jacobs*, the Circuit held that non-profit defendant Foundling Hospital (an organization providing foster care, adoption, and related services to children) was not an "enterprise" because generally, non-profit organizations that do not "engage in ordinary commercial activities" or "serve the general public in competition with ordinary commercial enterprises," operate without a "business purpose" and therefore are not "enterprises." *Jacobs*, 577 F.3d at 97.[2] *See also Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1174-75 (S.D. Ind. 1995) (finding non-profit organization providing temporary shelter and care services to troubled youth, was not engaged in a business purpose under the FLSA); *Briggs v. Chesapeake Volunteers in Youth Servs.*, 68 F. Supp. 2d 711, 715 (E.D. Va. 1999)("The focus of the court's inquiry is whether the non-profit agency is primarily engaged in competition in the

---

[2] At the trial court level, Magistrate Azrack went a step further, reasoning that Congress explicitly chose specific non-profits for coverage under the 29 U.S.C. § 203(r) because "they were in substantial competition with similar activities carried on by enterprises organized for a business purpose," and that other not-for-profits were by definition excluded from such coverage. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 260 (E.D.N.Y. 2007).


Attorneys at Law

Hon. Denis R. Hurley
United States District Court - Eastern District of New York
October 20, 2014
Page 3

public with ordinary commercial enterprises"). This doctrine clearly applies to the INN, excluding the organization from FLSA enterprise coverage.[3]

Plaintiffs' localized work on Long Island at INN's shelters does not and could not qualify for individual coverage, either, as Plaintiffs were not engaged in commerce or the production of goods in commerce. *Locke*, 690 F. Supp. 2d at 90-1. The Complaint contains no facts tending to establish Plaintiffs' involvement in interstate commerce. *Jones v. E. Brooklyn Sec. Servs. Corp.*, 2012 U.S. Dist. LEXIS 36033, at *5-6 (E.D.N.Y. Feb. 28, 2012).[4]

Interfaith Nutrition Network is not in competition with ordinary commercial enterprises. It is not in competition with anyone. It exists to feed, shelter and serve the underprivileged of Long Island. To the extent full-fledged motion practice is necessary to establish this fact and the absence of FLSA coverage, Defendants respectfully request a pre-motion conference or permission to make such a motion. Following dismissal of the FLSA claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims, and thus dismiss the case in its entirety. *See* 28 U.S.C. § 1367(c)(3); *Locke* at 91; *Krumholz v. Northport*, 2012 U.S. Dist. LEXIS 95393 (E.D.N.Y. July 10, 2012).

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc

cc:   John J. Porta, Esq. (internal)
      Todd Dickerson, Esq. (*via* ECF)
      Alexander T. Coleman, Esq. (*via* ECF)
      Michael J. Borrelli, Esq. (*via* ECF)

4827-6226-9470, v. 1

---

[3] As the individual Defendant Mr. Aguilera is sued based on his role as a managerial employee of INN, this analysis applies with equal force to the claims against him.

[4] As individual coverage is an inherently employee-by-employee analysis, Plaintiffs' collective action claims would of necessity be dismissed due to this individualized inquiry.