UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    JOHN J. PORTA, ESQ.
    NOEL TRIPP, ESQ.

------------------------------------------------------------X

MICHAEL WALKER and NATHANIEL WALKER on behalf of themselves and all others similarly situated,

                        Plaintiffs,

        -against-

THE INTERFAITH NUTRITION NETWORK, INC. and CHRISTIAN AGUILERA, in his individual and professional capacities,

                        Defendants.

Civil Action No.: 14 CV 5419

------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

## PRELIMINARY STATEMENT

Plaintiffs, two current employees of Defendant Interfaith Nutrition Network (the "INN"), bring claims challenging the INN's pay practices under the Fair Labor Standards Act (FLSA) and New York Labor Law. However, the INN is a *bona fide* charitable organization: it is not an enterprise engaged in commerce, and Plaintiffs do not participate in commerce as part of their work for the INN. Because the Amended Complaint does not (and cannot) allege to the contrary, Plaintiffs' FLSA claims fail as a matter of law, and this action should be dismissed.[1]

## I.  LEGAL STANDARD

In order to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face where the "claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678); *see Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 453 (E.D.N.Y. 2014) (Spatt, J.). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678; *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (same). Rather, factual allegations contained in a complaint must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557; *see Lundy*, 711 F.3d at 115 (dismissing complaint because plaintiffs' conclusory allegations merely "invited speculation" and did "not amount to a plausible claim under the

---

[1] Defendants deny all of Plaintiffs' allegations regarding their work for the INN. As the absence of FLSA coverage is dispositive as to the instant action, Defendants do not address the substance of Plaintiffs' factual allegations regarding the INN's pay practices.

FLSA"). Here, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

## II. PROCEDURAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

Plaintiffs filed the instant action on September 16, 2014 alleging violations under the FLSA. DKT 1. In response to Defendants' letter identifying deficiencies in the Complaint, specifically the failure to plead FLSA coverage of Plaintiffs' work for the INN (DKT 12), Plaintiffs filed an Amended Complaint ("FAC") on October 28, 2014, including additional paragraphs seeking to bolster Plaintiffs' claim of FLSA coverage. Ex. A.[2] As with the original Complaint, the FAC concedes that Plaintiffs perform "general maintenance duties for [INN]'s Facilities Department," for the INN, a non-profit corporation. FAC ¶¶ 19, 30, 38, 40. Plaintiffs' FAC acknowledges that the INN "is a 501(c)(3) corporation that operates soup kitchens, emergency shelters, and housing programs." *Id.* ¶ 19. Contradictorily (and self-servingly), Plaintiffs' FAC alleges that the INN is an "enterprise" performing "activities for a common business purpose," and its employees are "individually engaged in commerce. *Id.* ¶¶ 12-13. Plaintiffs allege that the INN rents housing units "competing with other commercial landlords." *Id.* ¶ 12.

Taken together, these allegations describe precisely what the INN is: a charitable organization that rents apartments as part of its long-term housing program (not commercially) and has from time to time sold off assets. As discussed more fully below, Plaintiffs' allegation that rental of the housing units in question is in "competition" is not a factual allegation. It is a legal conclusion asserted to invoke enterprise coverage where none exists. All of the INN's

---

[2] Exhibits are attached to the Affirmation of John J. Porta in Support of Defendants Motion to Dismiss ("Porta Aff.") and are referenced herein as "Ex. ___." Plaintiffs Amended Complaint in this matter is Exhibit A.

3

activities (including the renting of housing to participants in its Long Term Housing program, and the sale of assets to support its efforts) relate to its non-business, eleemosynary purpose. The FAC does not allege to the contrary.[3]

### III. FLSA COVERAGE

The FLSA only applies to businesses which constitute an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s). The FLSA defines "enterprise" as "the related activities performed ... by any person or persons for a *common business purpose*." *See* 29 U.S.C. 203(r)(1) (emphasis added). When the FLSA was expanded to cover "enterprises" along with individuals, legislative history made clear that the activities of non-profit organizations were excluded from coverage so long as they were not performed for a "business purpose." S.Rep. No. 1744, 86th Cong., 2d Sess., 28 (1960) (Ex. B). In discussing the "common business purpose" requirement, the Senate Committee Report states:

> [T]he definition would not include eleemosynary, religious, or educational organizations not operated for profit. The key word in the definition which supports this conclusion is the word 'business.' Activities of organizations of the type referred to, if they are *not operated for profit*, are not activities performed for a 'business' purpose.

*Id.* (emphasis added).

As the Senate and subsequent courts have made clear, the focus on whether a non-profit organization constitutes an "enterprise" is determined by whether it operates with a business purpose. *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. N.Y. 2009)("Generally, non-profit organizations that do not 'engage in ordinary commercial activities' . . . operate without a 'business purpose'") *quoting Tony and Susan Alamo Found. v. Dep't of Labor*, 471 U.S. 290, 195-99 (1985).

---

[3] Put another way, the INN does not operate a "business operation on the side" and Plaintiffs do not allege that it does. *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 88 (E.D.N.Y. 2010)(no FLSA enterprise coverage of church despite rental of apartment and rental of social space for functions).

4

Alternatively, so-called "individual coverage" can attach to a worker under the FLSA where an employee is "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) between states." 29 C.F.R. § 779.103. A specific regulation addresses individual coverage as to custodial and maintenance employees, applying coverage where they "perform maintenance and custodial work on the machinery, equipment, or premises where goods regularly are produced for commerce or from which goods are regularly shipped in interstate commerce are engaged in covered activities." 29 C.F.R. § 779.116. As set forth below, the INN engages in no commerce, and the FAC concedes as much.

## IV. THE COMPLAINT FAILS TO PLEAD ENTERPRISE COVERAGE OF INN'S ELEEMOSYNARY WORK

There are two elements that a non-profit organization must meet in order to fall within the purview of the FLSA: (1) the non-profit organization must be an enterprise and (2) the non-profit organization must engage in commerce. The INN is neither an enterprise, nor does it engage in commerce. As such, Plaintiffs' FLSA claims are subject to dismissal because the INN does not fall within the purview of the FLSA.

In *Tony and Susan Alamo Foundation*, the defendants ran a non-profit religious organization, which derived the majority of its income from the operation of commercial business staffed by the organization's associates. *Id.* at 290. The Foundation's commercial businesses included service stations, retail clothing and grocery outlets, hog farms, roofing and electrical construction companies, a recordkeeping company, a motel, and companies engaged in the production and distribution of candy. *Id.* at 292. The court applied the "economic reality" test and held that by entering the economic arena and trafficking in the marketplace, the

5

foundation has subjected itself to the standards Congress has prescribed for the benefit of employees." *Id.* at 295. Furthermore, the court found that the Foundation's businesses were "engaged in ordinary commercial activities in competition with other commercial business." *Id.* at 293. Accordingly, the court held that the Foundation was an enterprise subject to the FLSA, because it was operating with a business purpose, in addition to engaging in commercial activities by competing in the marketplace.

Contrastingly, in *Jacobs*, the Circuit held that non-profit defendant Foundling Hospital (an organization providing foster care, adoption, and related services to children) was not an "enterprise" because generally, non-profit organizations that do not "engage in ordinary commercial activities" or "serve the general public in competition with ordinary commercial enterprises," operate without a "business purpose" and therefore are not "enterprises." *Jacobs*, 577 F.3d at 97.[4] *See also Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1174-75 (S.D. Ind. 1995) (finding non-profit organization providing temporary shelter and care services to troubled youth, was not engaged in a business purpose under the FLSA); *Briggs v. Chesapeake Volunteers in Youth Services, Inc.*, 68 F. Supp. 2d 711, 714-15 (E.D. Va, 1999) (holding that non-profit corporation was not an enterprise subject to the FLSA because it did not operate with a business purpose). This doctrine clearly applies to the INN, excluding the organization from FLSA enterprise coverage.[5]

---

[4]   At the trial court level, Magistrate Azrack went a step further, reasoning that Congress explicitly chose specific non-profits for coverage under the 29 U.S.C. § 203(r) because "they were in substantial competition with similar activities carried on by enterprises organized for a business purpose," and that other not-for-profits were by definition excluded from such coverage. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 260 (E.D.N.Y. 2007).

[5]   As the individual Defendant Mr. Aguilera is sued based on his role as a managerial employee of INN, this analysis applies with equal force to the claims against him.

Plaintiffs transparently attempt to plead past this threshold issue through misleading and conclusory reference to the INN's long term housing units. FAC ¶¶ 19-22. However, operation of long term housing units in the context of a *bona fide* charitable organization (which the FAC concedes the INN is) is not commerce. *Genarie v. PRD Mgmt.*, 2006 U.S. Dist. LEXIS 9705, at *31 (D.N.J. Feb. 17, 2006)(non-profit corporation devoted to provision of "affordable barrier-free housing for low-income tenants" was not enterprise). The allegation that the INN "competes with commercial landowners" for tenants is untrue, but the Court does not need to investigate the allegation's truth because it is conclusory. It is not a <u>fact</u> rendering FLSA coverage plausible, it is a component of coverage: to wit, a legal conclusion.

Plaintiff's pleading here, in addition to being antithetical to the guidance set forth in *Foundling Hospital*, is identical to the attempt to plead past this issue, which is considered and summarily rejected by the court in *Malloy v. Ass'n of State & Terr. Solid Waste Mgmt. Officials*, 955 F. Supp. 2d 50 (D.D.C. 2013). In *Malloy*, the plaintiff alleged that despite its non-profit status the defendant association was an enterprise because it: 1) charged members for services, thereby engaging in interstate commerce" and "planned and conducted large scale meetings and conferences, paying for conference space, food, lodging, travel expenses and other elements of conferences, thereby engaging in interstate commerce." Ex. C (*Malloy*, Amended Complaint) ¶¶ 40-42.

Plaintiffs use an identical gambit here: they identify two discrete activities (occasional sale of property and renting of units in the INN's housing program) and simply allege without context that these constitute commerce, e.g., they allege <u>without support</u> that these things were done by a charitable organization for a business purpose.[6] As in *Malloy*, "while

---

[6] In point of fact, they were not; all activities the INN undertakes support its charitable purpose, including actions relating to its Long Term Housing Program described on its web site at http://www.the-

7

these allegations show that the defendant [at times] spends and receives money and provides services for its members, they do not plausibly indicate that the defendant engages in these activities with a business purpose. Specifically, the allegations do not support a reasonable inference that the defendant provides services to the general public for which it competes with other commercial enterprises." *Malloy*, 2013 955 F. Supp. 2d at 56. At most, the bona fide factual allegations in the instant matter tend to indicate that "the defendant is a non-profit . . . . that provides some undefined set of services to a niche group . . . rather than the general public." *Id.*

Other courts also have rejected attempts to bring a non-profit such as the INN under the FLSA's purview through such boilerplate allegations. The maintenance of housing units in this context does not render a non-profit corporation a "business enterprise" under the FLSA. *See Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1287 (M.D. Fla. 2005) (holding that non-profit Children's Home is not an enterprise under FLSA despite the fees charged for children attending the daycare facility); *see also Genarie, supra.*

Thus, Plaintiffs' Complaint fails to establish the plausibility of enterprise coverage.

## V. THE COMPLAINT FAILS TO PLEAD INDIVIDUAL COVERAGE

Plaintiffs make similarly conclusory, non-specific allegations regarding use of materials "which originated or were manufactured in states other than New York," (FAC ¶ 13), as well as non-specific phone and internet use in an effort to somehow plead that they – as

---

inn.org/programs/long-term-housing.html (last visited Dec. 19, 2014). Defendants believe the Court could consider this material on the instant application. *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied,* 126 L. Ed. 2d 655, 114 S. Ct. 687 (1994)(on a motion to dismiss court may consider, *inter alia,* matters of public record and certain indisputably authentic documents). However, in an abundance of caution and to avoid issues of fact, Defendants request that the Court consider its motion under Rule 12(b)(6) exclusively and arrive at the same result, as in *Malloy*.

8

employees working for the INN in furtherance of its wholly local, charitable purpose – "work 'in the channels' of 'interstate or foreign commerce,' or 'in activities so closely related to this commerce, as to be considered a part of it,' e.g., *regular*[] use [of] the mails, telephone or telegraph for interstate communication'; '*regular*[] travel across State lines while working.'" *Li v. Zhao*, , at *20 (E.D.N.Y. Aug. 8, 2014)(emphasis added)(quoting USDOL regulations concerning individual coverage and rejecting applicability based on alleged use of "out-of-state" vehicle and cell phone and purchase of gas from multi-state vendor). These allegations do not properly allege individual duties connected to interstate commerce.

An employee may claim individual coverage if she regularly and directly participates in the actual movement of persons or things in interstate commerce. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-1299 (11th Cir. 2011). This requires that the employee either "(i) [work] for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) [regularly use] the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restorations Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added).

As with Plaintiffs' allegations of enterprise coverage, Plaintiffs' allegations relating to individual coverage are non-specific; they are the "threadbare recitals" the Second Circuit has repeatedly rejected in the FLSA context. *DeJesus, supra.* The FAC contains no <u>facts</u> tending to establish Plaintiffs' involvement in interstate commerce. *Jones v. E. Brooklyn Sec. Servs. Corp.*, 2012 U.S. Dist. LEXIS 36033, at *5-6 (E.D.N.Y. Feb. 28, 2012); *Kendrick v. Eagle Int'l Group, LLC*, 2009 U.S. Dist. LEXIS 107178 (S.D. Fla. Nov. 17, 2009)("[T]he Complaint alleges that 'Plaintiff's job duties were such that she was individually engaged in interstate

9

commerce' . . . Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss"). They identify only the "handling goods ... that [may] have previously traveled in interstate commerce [which] does not constitute engaging in interstate commerce." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012).

Thus, Plaintiffs' Complaint fails to establish the plausibility of individual FLSA coverage, as well.

## VI. PLAINTIFFS' FLSA MINIMUM WAGE CLAIMS ALSO MUST BE DISMISSED UNDER THE *KLINGHOFFER* RULE

Plaintiffs' purported minimum wage claims under the FLSA also are subject to dismissal under the longstanding *Klinghoffer* rule because Plaintiffs were paid substantially more than minimum wage; they do not plead to the contrary. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week"). In fact, Plaintiffs allege regular rates of pay substantial above the minimum wage. FAC ¶¶ 30, 38 (Plaintiff paid $15 and $20 per hour, respectively).[7] Because Plaintiffs do not (and could not) allege that any additional alleged work time brought their respective rate of pay below the minimum wage, this claim (Second Claim) must be dismissed on that basis. *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916, at *37 (W.D.N.Y. June 24, 2014)("since the pleading never alleges that during any particular week, the average of the Plaintiffs' hourly wages was less than the federal minimum wage. the FLSA minimum wage claim is dismissed").

---

[7] Since July 24, 2009, the federal minimum wage has been $7.25 per hour.

## VII. THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

Absent "'exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, federal courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (*quoting Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Factors to consider in assessing whether "exceptional circumstances" which might warrant the exercise of such jurisdiction are present include "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." *Id.* at *16 *citing McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981). Such circumstances are not present here. Even in FLSA cases proceeding to the summary judgment stage, courts in this District have declined to exercise such jurisdiction where summary judgment disposes of federal claims. *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012)(" the Court declines to retain jurisdiction over the remaining state law claims given the absence of any federal claim that survives the summary judgment motion and dismisses any such claims without prejudice") (Bianco,J). Lacking federal question jurisdiction, the Court should dismiss the balance of Plaintiffs' Complaint without prejudice.

## VIII. CONCLUSION

Plaintiffs' amended pleading is merely an attempt to plead past the threshold issue of FLSA coverage of a non-profit, the work of which rightfully has been excluded from the FLSA's generally broad reach. The Amended Complaint's lack of specificity – the "negative space" – is telling. As in *Malloy*, this Court should reject the allegations as insufficient to plead FLSA coverage where none is present, and dismiss this action.

11

Dated: Melville, New York
       December 22, 2014

                              Respectfully submitted,

                              JACKSON LEWIS, P.C.
                              58 South Service Road, Suite 250
                              Melville, New York 11747
                              (631) 247-0404

By: _____
                              JOHN J. PORTA, ESQ.
                              NOEL P. TRIPP, ESQ.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2014, <u>Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint</u> was served via First-Class Mail by depositing a true copy thereof, enclosed in a pre-paid wrapper, in an official depository under the care and custody of the United States Postal Service, addressed to the following person(s) at the last known address number set forth after ach name:

BORRELLI & ASSOCIATES, P.L.L.C.
*ATTORNEYS FOR PLAINTIFFS*
1010 Northern Boulevard, suite 328
Great Neck, NY  11021

_____
JOHN J. PORTA

4817-3496-5025, v. 1