UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    JOHN J. PORTA, ESQ.
    NOEL TRIPP, ESQ.

------------------------------------------------------X

MICHAEL WALKER and NATHANIEL
WALKER on behalf of themselves and all
others similarly situated,

                                Plaintiffs,

                    -against-

THE INTERFAITH NUTRITION
NETWORK, INC. and CHRISTIAN
AGUILERA, in his individual and
professional capacities,

                                Defendants.

------------------------------------------------------X

Civil Action No.: 14 CV 5419

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES .......................................................................................ii

PRELIMINARY STATEMENT ................................................................................1

I.     PLAINTIFFS DO NOT PLEAD ENTERPRISE COVERAGE....................................1

II.    PLAINTIFFS' PLEADING DOES NOT CONTAIN FACTS REGARDING
INDIVIDUAL COVERAGE, ONLY THE LEGAL ELEMENTS OF AN FLSA
CAUSE OF ACTION ....................................................................................4

III.    PLAINTIFFS ARE NOT ENTITLED TO ANY RECOVERY BASED
ON THE ALLEGED FAILURE TO PAY THE MINIMUM WAGE ...........................5

CONCLUSION ........................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Apple v. Atl. Yards Dev. Co., LLC,*
  11-CV-5550 (JG), 2014 U.S. Dist. LEXIS 152053 (E.D.N.Y. Oct. 27, 2014) ..................3, 4

*Boekemeier v. Fourth Universalist Soc'y,*
  86 F. Supp. 2d 280 (S.D.N.Y. 2000) ...................................................................1, 2

*Casci v. Nat'l Fin. Network, LLC,*
  13 CV 1669 (DRH)(GRB), 2015 U.S. Dist. LEXIS 1500 (E.D.N.Y. Jan. 7, 2015) ...............1

*Dean v. Pac. Bellwether, LLC,*
  996 F. Supp. 2d 1044 (D. N. Mar. I. 2014) ...............................................................5

*Josendis v. Wall to Wall Residence Repairs Inc.,*
  662 F.3d 1292 (11th Cir. 2011) ...........................................................................4, 5

*Lussi v. Design-Build & Eng'g, Inc.,*
  CASE NO. 09-23446-CIV-SEITZ/O'SULLIVAN, 2010 U.S. Dist. LEXIS 38780
  (S.D. Fla. April 20, 2010) .......................................................................................4

*Malloy v. Ass'n of State & Terr. Solid Waste Mgmt. Officials,*
  955 F. Supp. 2d 50 (D.D.C. 2013) .......................................................................2, 3

*Perez v. Brands Mart Serv. Corp.,*
  Case No.10-61203-CIV-O'SULLIVAN, 2011 U.S. Dist. LEXIS 82708 (S.D. Fla. July
  28, 2011) ..............................................................................................................5

*Reagor v. Okmulgee Cnty. Family Res. Ctr., Inc.,*
  No. 11-7070, 2012 U.S. App. LEXIS 23368 (10th Cir. Nov. 14, 2012) (attached)..............2, 3

*Steiner-Out v. Lone Palm Golf Club, LLC,*
  Case No. 8:10-cv-2248-T-24 TBM, 2010 U.S. Dist. LEXIS 115415 (M.D. Fla. Oct.
  28, 2010) ..............................................................................................................6

*Tony and Susan Alamo Found. v. Sec'y of Labor,*
  471 U.S. 290 (1985) ...............................................................................................2

*United States v. Klinghoffer Bros. Realty Corp.,*
  285 F.2d 487 (2d Cir.1960) ..................................................................................6, 7

*Villafana v. Feeding S. Fla., Inc.,*
  13-60760-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 82603 (S.D. Fla. June 12,
  2013)....................................................................................................................2, 3

*Wagner v. Salvation Army*,
    660 F. Supp. 466 (E.D. Tenn. 1986)...................................................................................4

*Walters v. Am. Coach Lines of Miami, Inc.*,
    569 F. Supp. 2d 1270 (S.D. Fla. 2008), *aff'd*, 575 F.3d 1121 (11th Cir. 2009) (per
    curiam).....................................................................................................................................6

**OTHER AUTHORITIES**

F.R.C.P. 12 ......................................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiffs' lengthy Opposition fails to highlight any factual pleading supporting the position that their work for Defendant INN is covered by the FLSA.  Since the service of Defendants' original moving papers in support of their motion to dismiss, this Court has applied the pleading requirements for FLSA claims set forth by the Second Circuit in its recent series of decisions.  *Casci v. Nat'l Fin. Network, LLC*, 13 CV 1669 (DRH)(GRB), 2015 U.S. Dist. LEXIS 1500 (E.D.N.Y. Jan. 7, 2015)(rejecting FLSA pleading "devoid of any detailed factual information from which the Court could reasonably infer that [Plaintiffs] worked more than forty hours in any 'given' work week . . . [and] do[ing] nothing more than conform[ing] to the 'all-purpose pleading template alleging overtime . . . forbidden by [the Second Circuit]") (attached), (citing *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013)).  This factual pleading requirement attaches not only to Plaintiffs' allegations regarding hours worked, but to each element of Plaintiffs' claims, including coverage under the FLSA.  Because Plaintiffs have failed to plead that Defendant INN engages in commerce, their Complaint fails.

## I.   <u>PLAINTIFFS DO NOT PLEAD ENTERPRISE COVERAGE</u>

The Amended Complaint does not contain facts rendering plausible Plaintiffs' assertion that the INN is an FLSA enterprise.  *See* Defendant's Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint ("MOL") at 4-8.  The cases cited by Plaintiffs for the proposition that they properly have alleged that the INN is an FLSA enterprise are inapposite.  In *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000), the "parties d[id] not contest that the [Defendant] Church would be considered an enterprise engaged in commerce should it meet the gross dollar volume requirement."  They did not do so because in addition to its eleemosynary activities, the church in question "solicit[ed] customers to rent its facilities . . . [and] perform[ed] monthly mass mailings, issue[d] press

releases and place[d] advertisements in magazines and on the Internet." *Id.* at 282. In other words, on that summary judgment record, the Court could conclude that the church "serve[d] the general public in competition with ordinary commercial enterprises." *Id.* at 286, (citing *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 299 (1985)).[1]

Additionally, while Plaintiffs assert that their allegations are sufficient because they are analogous to those deemed sufficient by a district court in Florida, *Villafana v. Feeding S. Fla., Inc.*, 13-60760-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 82603 (S.D. Fla. June 12, 2013) (attached) and not comparable to those rejected in *Malloy v. Ass'n of State & Terr. Solid Waste Mgmt. Officials*, 955 F. Supp. 2d 50 (D.D.C. 2013), Plaintiffs are incorrect. They are also incorrect in asserting that *Malloy* is an isolated decision rejecting such pleading, as the Tenth Circuit reached the same conclusion in *Reagor v. Okmulgee Cnty. Family Res. Ctr., Inc.*, No. 11-7070, 2012 U.S. App. LEXIS 23368 (10th Cir. Nov. 14, 2012) (attached). In *Reagor*, the Tenth Circuit affirmed dismissal of an FLSA complaint brought against "a non-profit organization . . . providing shelter to victims of domestic violence." *Id.* at **12-**14. The Court, citing *Alamo*, observed that "Generally, activities of nonprofits 'are not considered to be conducted for a common business purpose unless they engage in commercial activity.'" The court concluded that "[n]othing in the complaint suggests that OCFRC was engaged in a business purpose or in any type of competition." *Id.* at **13.

---

[1]    *Alamo*, upon which Plaintiffs also rely (Plaintiffs' Memorandum of Law in Opposition ("Opp.") at 2, 11) does them no good, either. The Complaint here does not even begin to suggest that the INN engaged in any of the commercial activities undertaken by the foundation at issue in the *Alamo* case. *Alamo*, 471 U.S. at 283 (foundation "derives its income largely from the *operation of a number of commercial businesses*, which include service stations, retail clothing and grocery outlets, hog farms, roofing and electrical construction companies, a recordkeeping company, a motel, and companies engaged in the production and distribution of candy")(emphasis added). Here, to reiterate, Plaintiffs implicitly concede in their pleading that the INN is an appropriate charitable organization properly excluded from FLSA, then allege (without support) that its Long Term Housing Program competes with ordinary commercial real estate interests. MOL at 7. The juxtaposition of the alleged "businesses" demonstrates that the INN properly is excluded from coverage.

2

Defendants submit that *Reagor* and *Malloy* should inform the Court's decision here, as *Villafana* is legally and factually distinguishable.   In *Villafana*, the court found "particularly relevant" the fact that the non-profit placed bids on pallets of food and charged fees, observing that such activities had the potential to impact the general marketplace. *Villafana*, 2013 U.S. Dist. LEXIS 82603, at *12-*14.   Factually, the thinness of Plaintiffs' allegations is highlighted by counsel's game effort to make them appear expansive.   Opp. at 13 (bullet points summarizing allegations).   Again, this summary is designed to create the impression of a large commercial real estate enterprise, but that is not what Plaintiffs allege and that is not what the INN is.   Plaintiffs allege that the INN – a non-profit engaged in charitable work – owns and administers 23 housing units.   D.E. 13 (Amended Complaint) ¶ 20.   They allege that, from time to time, the INN has sold a piece of real property.   *Id.* ¶ 21.

What Plaintiffs have not and cannot allege is that the purportedly commercial activities were done for a business purpose.   The conclusory allegation that the housing "competes with other commercial landowners" is insufficient (and untrue).[2]  *Apple v. Atl. Yards Dev. Co., LLC*, 11-CV-5550 (JG), 2014 U.S. Dist. LEXIS 152053, at *23-*24 (E.D.N.Y. Oct. 27, 2014) (distinguishing between "operation of a training program to assist members of the Downtown Brooklyn communities obtain job skills (and, eventually, jobs)" which "hardly supports the argument that it was an enterprise engage in commerce" with operation of such a program as an integrated aspect of the commercial development of Atlantic Yards) (attached). The distinction identified by Judge Gleeson in *Apple* highlights the shortcoming in Plaintiffs'

---

[2]      For example, the complaint does not allege that the INN advertises through any commercial channel for tenants.   It does not allege that an individual on the street can walk in and complete a housing rental application without completing an application to participate in the INN's (admittedly charitable) Long Term Housing Program. Indeed, such individuals cannot and do not.   This may be good and thoughtful pleading, but it cannot manufacture a *bona fide* allegation of FLSA coverage where none exists.

allegations.  Plaintiffs here allege only the existence of the charitable program (not separate commercial activity), because no such separate commercial activity exists.  *Wagner v. Salvation Army*, 660 F. Supp. 466, 468 (E.D. Tenn. 1986) ("Unlike those commercial businesses described in *Alamo Foundation*, the transient lodge does not serve the general public and does not compete with other private entrepreneurs.  The lodge serves only transients; and thus, by no means can it be said to have entered the economic arena and trafficked in the marketplace.  In summary, it simply does not engage in commercial activities") (internal quotations omitted).  Plaintiffs' Amended Complaint describes exactly the type of organization the *Apple* court indicates should not be covered (i.e., a charitable training program).  The Amended Complaint does not identify any associated commercial activity, such as the large commercial development present in that case.  It does not identify a plausible FLSA enterprise.

II.   **PLAINTIFFS' PLEADING DOES NOT CONTAIN FACTS REGARDING INDIVIDUAL COVERAGE, ONLY THE LEGAL ELEMENTS OF AN FLSA CAUSE OF ACTION**

The Eleventh Circuit has explained that "an employee is subject to individual coverage [only] if he is directly and regularly 'engaged in' interstate commerce." *Josendis v. Wall to Wall Residence Repairs Inc.,* 662 F.3d 1292, 1315 (11th Cir. 2011).  *See also Lussi v. Design-Build & Eng'g, Inc.,* CASE NO. 09-23446-CIV-SEITZ/O'SULLIVAN, 2010 U.S. Dist. LEXIS 38780 (S.D. Fla. April 20, 2010) (failure to allege specific *facts* demonstrating specifically how the plaintiffs performed work in interstate commerce, or regularly used interstate commerce to do their jobs, required dismissal of the FLSA claim) (attached).  *See also* MOL at 9.  To demonstrate such individual coverage, Plaintiffs erroneously claim that they "routinely made important purchases" in interstate commerce.  Opp. at 21.  Plaintiffs' use of the word "routinely" does not convert a conclusion to a factual allegation.  Nor does their speculative statement regarding internet research and internal requests for items researched on

the Internet contain the requisite factual specificity to support a claim they were directly and regularly engaged in interstate commerce.

More telling than the lack of specificity regarding what items were ordered, when they were ordered and with what frequency, is the fact that Plaintiffs make no factual allegations regarding *their* actions working in or utilizing interstate commerce to perform their localized jobs supporting INN's charitable work on Long Island. As Defendants' actions are irrelevant to Plaintiffs' individual coverage, these allegations are irrelevant to this part of the coverage inquiry. *See Josendis* at 1315. The only factual allegation contained in Plaintiffs' individual coverage paragraph concedes that Plaintiffs did <u>not</u> impact interstate commerce, but simply browsed the Internet and submitted internal requests for items. Opp. at 21. This is insufficient. *Dean v. Pac. Bellwether, LLC*, 996 F. Supp. 2d 1044, 1047-52 (D. N. Mar. I. 2014) (accessing recipes via the Internet did not constitute commerce and could not support individual coverage).[3]

### III. PLAINTIFFS' ARE NOT ENTITLED TO ANY RECOVERY BASED ON THE ALLEGED FAILURE TO PAY THE MINIMUM WAGE

Plaintiffs assert that, notwithstanding that they were not minimum wage workers (or close), they have pled a minimum wage violation under the FLSA. Opp. at 23-4. Even assuming FLSA coverage, they have not. "The federal minimum wage provision is not violated 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.'" *Perez v. Brands Mart Serv. Corp.*, Case No.10-61203-CIV-O'SULLIVAN, 2011 U.S. Dist. LEXIS 82708, at *14-

---

[3]     Defendants agree with Plaintiffs' general assertion that summary judgment decisions are not directly applicable to the Rule 12 issue at bar (and thus not controlling). Opp. at 3. However, whether presented on a motion to dismiss or a motion for summary judgment, the legal analysis in the decisions relied upon by Defendants demonstrate that Plaintiffs cannot allege the necessary "facts" to set forth a viable claim of FLSA coverage.

*15 (S.D. Fla. July 28, 2011) (attached) (quoting *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir.1960)) (other citations omitted); *see also Steiner-Out v. Lone Palm Golf Club, LLC*, Case No. 8:10-cv-2248-T-24 TBM, 2010 U.S. Dist. LEXIS 115415, at *5 (M.D. Fla. Oct. 28, 2010) ("Plaintiffs will have to show that their actual wages for any workweek divided by the number of hours that they worked in such week equals an hourly rate that is less than the statutory minimum hourly rate in order to succeed on a minimum wage claim") (attached); *Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 2d 1270, 1300 (S.D. Fla. 2008) ("The effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek. In other words, it is the workweek as a whole rather than each individual hour within a workweek that is the relevant unit for determining compliance with the minimum wage requirement."), *aff'd*, 575 F.3d 1121 (11th Cir. 2009) (per curiam).

Under *Klinghoffer*, as reiterated above, Plaintiffs must allege sufficient hours of off-the-clock work such that their rate of pay (recalculated to include those alleged hours), falls below the minimum wage. MOL at 10. Plaintiffs' Opposition does not attempt to explain how their pleading (which concedes rates of pay double the minimum wage or more) plausibly establishes that they fell below minimum wage. Plaintiffs cite to one case (*Dove*) where tip credit minimum wage workers made off-the-clock claims (where *Klinghoffer*'s recalculation of the regular rate becomes irrelevant because Plaintiffs were already minimum wage workers, and thus any off-the-clock work would constitute a minimum wage violation), and a second (*Giles*) involving salaried employees where minimum wage issues were not addressed. These cases do

6

not address the applicability of *Klinghoffer* doctrine to their claims: Plaintiffs have not plausibly alleged that their total compensation fell below the minimum wage.[4]

## CONCLUSION

Plaintiffs' local work for a Long Island charitable organization is not regulated by the FLSA. The Court should dismiss Plaintiffs' FLSA claims with prejudice, and without prejudice to replead Plaintiffs' state law claims in the appropriate forum. If Plaintiffs have a viable wage floor claim against the INN under the New York Labor Law (which Defendants hotly dispute), they can assert it there.

Dated: Melville, New York
      February 3, 2015

                        Respectfully submitted,

                        JACKSON LEWIS, P.C.
                        58 South Service Road, Suite 250
                        Melville, New York 11747
                        (631) 247-0404

By:

                        JOHN J. PORTA, ESQ.
                        NOEL P. TRIPP, ESQ.

---

[4]     Since July 24, 2009, the federal minimum wage has been $7.25/hour. Plaintiffs were paid substantially more. MOL at 10.

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2015, I caused to be served a true and correct copy of ***DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT*** upon Plaintiffs' counsel of record via electronic mail:

BORRELLI & ASSOCIATES, P.L.L.C.
*ATTORNEYS FOR PLAINTIFFS*
1010 Northern Boulevard, suite 328
Great Neck, NY  11021
(516) 248-5550

_____
NOEL P. TRIPP

4848-8427-3697, v. 3

8